## BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* HOWARD, ADMINISTRATOR.

[No. 3,454.   Filed October 25, 1901.]

From Clark Circuit Court; *J. K. Marsh*, Judge.

Action by Jonas G. Howard, Administrator, against the Baltimore and Ohio Southwestern Railroad Co. for damages.  From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*C. L. Jewett* and *H. E. Jewett*, for appellant.

*J. G. Howard*, for appellee.

ROBY, J.—Appellee's second paragraph of complaint charged appellant with negligently allowing combustible material to accumulate upon its right of way, and with negligently setting fire to such material upon such right of way, thereby inflicting damage to his property.  The jury found for appellee upon this paragraph, in the sum of $62.50, and the correctness of the judgment rendered by the trial court upon the verdict is the sole question for decision here.  The theory of the pleading was that appellant had negligently suffered combustible material to accumulate upon its right of way, and had negligently set fire to such material upon such right of way.  With the general verdict the jury returned answers to six interrogatories.  Appellant's motion for judgment thereon notwithstanding the general verdict was overruled.

In its brief the position assumed by appellant is stated as follows: "These answers to interrogatories completely support the appellant's contention.  The fifth, finding that the fire did not originate in combustible material on the right of way of the *defendant*.  If it did not, the negligence alleged did not exist, and there was no right to recover on account of the matters set out in said second paragraph of complaint."

Immediately preceding the foregoing statement the third, fourth, and fifth interrogatories are correctly set out in the brief.  These interrogatories, and answers, are as follows:  "(3) Did the fire mentioned in the second paragraph of the *plaintiff's* complaint occur October 16, 1899?  A.  Yes.  (4) Did said fire originate on the *plaintiff's* right of way?  A.  No.  (5) Did said fire originate on the *plaintiff's* right of way in combustible material then on said right of way?  No."

It would appear that appellant's counsel had been misled by the use of the word plaintiff in the interrogatory instead of defendant, except for the sixth and seventh interrogatories and the answers, which are

as follows: "(6) Did said fire originate on the *defendant's* right of way and from thence spread to plaintiff's land? A. Yes, sir. (7) Did said fire of October 16, 1899, originate on the lands of the plaintiff and beyond the defendant's right of way? A. No."

Two reasons are given in support of the assignment of error that the court erred in overruling the motion for a new trial. Neither of them are plausible. Judgment affirmed, with ten per cent. damages.